UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael Douglas WIGGINS,
Defendant-Appellant.

No. 77–5362.

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1978.

Rehearing and Rehearing En Banc
Denied Feb. 27, 1978.

John Volz, Federal Public Defender, Richard T. Simmons, Jr., Asst. Federal Public Defender, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before WISDOM, GODBOLD, and CLARK, Circuit Judges.

PER CURIAM:

Michael Douglas Wiggins was convicted by a jury on three counts of possession of stolen mail and forging and uttering a United States Treasury check in violation of 18 U.S.C. §§ 1708, 495, and 2. He appeals the resulting judgment and commitment order, asserting errors in the court's instructions and refusal to instruct, delay in bringing him to trial, and the admission of a prior conviction to attack his credibility. We affirm.

■ The first assigned error relating to instructions was the giving of a charge advising that in weighing defendant's testimony the jury could consider his "keen personal interest" in the outcome of the trial. Although this instruction has been criticized in Seventh[1] and Eighth[2] Circuit decisions, its use has been approved in this circuit. *See, e. g., United States v. Pittman*, 439 F.2d 906, 909 (5th Cir.), *cert. denied*, 404 U.S. 842, 92 S.Ct. 138, 30 L.Ed.2d 77 (1971); *Nelson v. United States*, 415 F.2d 483, 487 (5th Cir. 1969), *cert. denied*, 396 U.S. 1060, 90 S.Ct. 751, 24 L.Ed.2d 754 (1970). Defendant urges that we adopt the position of the Seventh and Eighth Circuits in this case at bar because the credibility choice between defendant and his co-defendant who testified for the government was the essence of this trial. This factor does not justify a distinction from the past precedents this panel is bound to follow.

■ The second of the errors asserted involving instructions was the refusal of a defense request to give an instruction set out in the margin.[3] This action was proper.

Similar wording was disapproved in *United States v. Pena*, 527 F.2d 1356, 1365 (5th Cir.), *cert. denied*, 426 U.S. 949, 96 S.Ct. 3168, 49 L.Ed.2d 1185 (1976). The third instruction challenge went to the trial court's summary of the evidence. Particular emphasis is laid on the judge's characterization of the credibility dispute as between the defendant on the one hand and the co-defendant and the person who cashed the subject check on the other. The trial judge was precisely accurate in this assessment. Defendant's understandable desire to narrow the choice to one between himself and the co-defendant alone is wishful thinking. In any event, the court admonished the jury that they were the exclusive judges of the facts and instructed them to rely on their own recollection rather than that of the attorneys or the bench. The charge as a whole was fair and proper.

■ Defendant challenges the delay between the commission of the offense and his arrest as well as the delay from arrest to trial. Obviously recognizing that the facts of his case fail to demonstrate substantial actual prejudice required for indictment delay relief by *United States v. Rice*, 550 F.2d 1364, 1369 (5th Cir.), *cert. denied*, —— U.S. ——, 98 S.Ct. 479, 54 L.Ed.2d 312 (1977), defendant urges us to blend this period into our calculus on the claim of impermissible delays in bringing him to trial. Assuming this approach were required, still no relief is warranted. Defendant claims that both his ability and that of the cashier-witness to recall the precise circumstances which literally brought him into the picture with his co-defendant,[4] had been

---

1. *United States v. Reid*, 410 F.2d 1223 (7th Cir. 1969); *cf. United States v. Saletko*, 452 F.2d 193, 197 (7th Cir. 1971), *cert. denied*, 405 U.S. 1040, 92 S.Ct. 1311, 31 L.Ed.2d 581 (1972).

2. *United States v. Bear Killer*, 534 F.2d 1253, 1260 (8th Cir. 1976), *cert. denied*, 429 U.S. 846, 97 S.Ct. 129, 50 L.Ed.2d 118 (1977); *Taylor v. United States*, 390 F.2d 278 (8th Cir.), *cert. denied*, 393 U.S. 869, 89 S.Ct. 155, 21 L.Ed.2d 137 (1968).

3. If there are two reasonable theories equally supported by creditable evidence, one of which is inconsistent with the guilt of the defendant, and the other consistent with his innocence, then a reasonable doubt exists, and you must give the defendant the benefit of that doubt.

4. Perhaps the most telling bit of evidence adduced by the prosecution was the photograph taken by the cashier which showed both defendant and co-defendant standing at her window presenting the subject check for cashing.

dimmed by the passage of time. The problem for this contention is that under the best view of the record for defendant's case, he made no showing which would entitle him to relief under the four-fold standard set out in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The periods of delay were relatively short, the delays were for good cause shown, and no prejudice was shown. Obviously, neither defendant nor other witnesses had completely fresh memories at the time of trial. This is seldom possible. Prejudice cannot be predicated on this alone. Defendant did not prove that exculpatory facts were lost or that the witnesses who testified against him were mistaken in their recall of critical events.

■ Defendant's final contention is that the court erred in admitting proof of his prior conviction for distribution of heroin. The challenge rests on two grounds arising under Rule 609 of the Federal Rules of Evidence. He first asserts that the court erroneously concluded that the prejudicial effect of allowing the jury to know he was a convicted distributor of heroin outweighed the probative value of the conviction relative to his credibility. Although the district court did not articulate his reasoning, he did expressly make the weighing of probity vs. prejudice required by Rule 609(a) before admitting the proof. To reverse the district court we would have to find the decision amounted to an abuse of the court's discretion.[5] To find that abuse in this case would require that we adopt a per se rule that a conviction for heroin distribution could not be considered as affecting credibility, which we decline to do.

■ The second challenge goes to Rule 609(c). This part of the rule bars the use for impeachment of a conviction which has been the subject of "a pardon, annulment,

certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted." Defendant contends his proof that he was released from a "Halfway House," the Community Residential Center in New Orleans, Louisiana, where he had been placed as a condition of his probation on the drug offense, amounted to a finding of rehabilitation. The question raised appears to be novel because the rule is new. The history of the rule in committee and Congress is not helpful. We know only that the changes to the final form of this rule resulted from a desire to accord a controlling consideration to rehabilitation as opposed to executive grace or judicial invalidation. *See* 10 Moore's Federal Practice § 609.31. The release was not shown to be "based on a finding of the rehabilitation of the person convicted" within the literal requirement of Rule 609(c). Neither the program and objectives of the institution nor the qualification required for release are demonstrated. On the record in the case at bar, we hold the district court correctly declined to construe the fact of such a release alone as the equivalent of a "certificate of rehabilitation."

The judgment and conviction order appealed from is

AFFIRMED.

---

**5.** The committee's notes as well as the legislative history speak in terms of discretion committed to the district court to make this decision. *See* 10 Moore's Federal Practice § 609.01 and the text material in §§ 609.13 & 609.14.