**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Paul D. YLDA, Defendant-Appellant.**

No. 79–5674
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

April 24, 1981.

Rehearing and Rehearing En Banc
Denied Aug. 14, 1981.

Ronald L. Goranson, Dallas, Tex., for defendant-appellant.

Shirley Baccus-Lobel, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Ylda was a buyer for the Army and Air Force Exchange Service (AAFES). A jury convicted him of mail fraud and two counts of bribery; the jury acquitted him of another bribery count, three counts of income tax evasion and three counts of subscribing to a false income tax return. He appeals his conviction on the three counts. Finding that the conviction was valid, we affirm.

At trial, three sales agents for toy manufacturers testified regarding payments made to Ylda from the commissions they

made on sales to AAFES. Ylda took the stand and testified that he had never received any bribes. He claimed that the money orders provided to him by one witness were given him for convenience in exchange for cash he had won at the races. In defense of the tax counts on which he was acquitted, he attributed expenditures in excess of his income to a cash horde acquired as a result of profitable transactions and a gift from his father, in addition to savings accumulated while he was stationed in Okinawa. He urges error was committed in his trial in several respects. We analyze each of his contentions separately.

### I. Prosecutrix's Interrogation.

In patently improper questioning, the government's attorney began the cross-examination of Ylda by asking:

Now, Mr. Ylda, the story you told today, this is the first time you ever told the investigators this story, isn't it?

An immediate objection was made and sustained. The court instructed the jury to disregard the question but overruled Ylda's motion for a mistrial.

■ The prosecutrix's comment on the accused's silence was improper. An accused has a right to remain silent and comment on the silence of the accused impinges on that right. *See Doyle v. Ohio,* 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91, 98 (1976) (in a state trial comment on accused's silence violates the due process clause of fourteenth amendment); *United States v. Meneses-Davila,* 580 F.2d 888, 890 (5th Cir. 1978) (in federal court comment on silence of accused is prohibited by fifth amendment).

However, this constitutional violation is not fatal if the prosecution can show that the error was legally harmless. *United States v. Meneses-Davila,* 580 F.2d at 890; *Chapman v. United States,* 547 F.2d 1240, 1248 (5th Cir.), *cert. denied,* 431 U.S. 908, 97 S.Ct. 1705, 52 L.Ed.2d 393 (1977). In *Chapman* we described the following categories into which we assumed all cases of this type could be classified for purposes of determining whether the improper comment on the accused silence constitutes harmless error:

[1] When the prosecution uses defendant's post-arrest silence to impeach an exculpatory story offered by defendant at trial and the prosecution directly links the implausibility of the exculpatory story to the defendant's ostensibly inconsistent act of remaining silent, reversible error results even if the story is transparently frivolous.

[2] When the prosecutor does not directly tie the fact of defendant's silence to his exculpatory story, i. e., when the prosecutor elicits that fact on direct examination and refrains from commenting on it or adverting to it again, and the jury is never told that such silence can be used for impeachment purposes, reversible error results if the exculpatory story is not totally implausible or the indicia of guilt not overwhelming.

[3] When there is but a single reference at trial to the fact of defendant's silence, the reference is neither repeated nor linked with defendant's exculpatory story, and the exculpatory story is transparently frivolous and evidence of guilt is otherwise overwhelming, the reference to defendant's silence constitutes harmless error.

*Chapman v. Unites States,* 547 F.2d at 1249–50 (citations and footnote omitted).

Like the parties in *United States v. Dixon,* 593 F.2d 626, 629 (5th Cir.), *cert. denied,* 444 U.S. 861, 100 S.Ct. 126, 62 L.Ed.2d 82 (1979), the defendant contends that this case falls within the second category while the government argues that the third classification is applicable. Like the *Dixon* panel, we find the *Chapman* categories unhelpful in a case such as the one presented here in which the exculpatory story is not "totally implausible," yet the indicia of guilt are substantial. Moreover, because the *Chapman* tripartite analysis is based on decisions of this court in cases in which the prosecutor's question evoked testimony regarding the accused's silence, we cannot apply that analysis directly in this case in which no such testimony was elicited. The objection to the prosecutrix's question was made and sustained before Ylda responded.

Therefore, we do not simply apply the *Chapman* litmus but analyze directly the facts of this case. *United States v. Dixon,* 593 F.2d at 629; *United States v. Davis,* 546 F.2d 583, 594–95 & n. 31 (5th Cir.), *cert. denied,* 431 U.S. 906, 97 S.Ct. 1701, 52 L.Ed.2d 391 (1977). It is doubtful that the mere asking of the question caused any prejudice to appellant in the minds of the jury. There was neither an answer by Ylda nor impeaching testimony concerning his post-arrest silence. The inquiry was a brief, isolated incident at trial and the prosecutrix did not again mention the argument. There was no attempt by the government to capitalize on this testimony. Moreover, there was substantial testimony that Ylda took bribes. Any slight prejudice that may have resulted was cured by the trial court's prompt action. The prosecutrix's inferential comment on the accused's silence, though improper, constitutes harmless error and does not require reversal in this case. *See United States v. Dixon,* 593 F.2d at 629–30.

Yet we deem it our duty once again to comment on the paradoxical situation created when a United States attorney deliberately injects inadmissible evidence and then, having attempted to gain improper advantage, seeks absolution on the basis that the result was, after all, harmless. *United States v. Cross,* 638 F.2d 1375 (5th Cir. 1981). *See United States v. Rice,* 550 F.2d 1364, 1372 (5th Cir.), *cert. denied sub nom.,* 434 U.S. 954, 98 S.Ct. 478, 54 L.Ed.2d 312 (1977) (expressly disapproving of the government's deliberate interjection of inadmissible testimony which exhibited a lack of appropriate sensitivity to the defendants' substantive rights, but finding the error harmless); *Handley v. Pitts,* 623 F.2d 23, 28 (6th Cir.1980) (finding of harmless error less appropriate where prosecution deliberately introduces inadmissible evidence). *See also United States v. Edwards,* 576 F.2d 1152, 1155 (5th Cir.1978) ("[C]omment upon silence of the accused is a crooked knife and one likely to turn in the prosecutor's hand. The circumstances under which it will not occasion a reversal are few and discrete. We suggest that it be abandoned as a prose-

cutorial technique."). Here the prosecutrix started her cross-examination with a carefully contrived question deliberately designed to invade a well-defined constitutional right. Because the impropriety of this conduct should not go unmentioned, we purposefully call it to the attention of the district judge and the United States attorney for the imposition of such sanction as may be appropriate.

## II. Conformity of Jury Charge with Indictment.

The indictment in counts 2 and 4 charged that appellant "did, directly and indirectly, wilfully and corruptly ask, demand, exact, solicit, accept and receive" certain monies from certain sales agents. However, in instructing the jury as to the essential elements required to prove the offenses charged in these counts, the court said that the government had to show "[t]hat Defendant, directly or indirectly, asked, demanded, exacted, solicited, accepted, received *or agreed to receive* a sum of money, *or thing of value....*" (Emphasis added.) The words "agreed to receive" and "thing of value" did not appear in the indictment. Ylda promptly objected to the court's use of these additional words.

Each bribery count in the indictment alleged that Ylda acted in violation of 18 U.S.C. §§ 201(c)(1) and 201(c)(3). This statute prohibits conduct by a public official who "asks, demands, exacts, solicits, seeks, accepts, receives, *or agrees to receive anything of value....*" (Emphasis added.) The instruction used the very words of the statute. Because the jury charge was proper, we deal with what we consider to be the gist of Ylda's contention: the failure of the indictment sufficiently to charge the essential elements of the bribery offense.

The purpose of the indictment is to apprise the accused of the charges against him. It is to be read in the light of its purpose. While an accused may not, of course, be convicted of any offense not spelled out in the indictment however wrongful the conduct proved at trial, minor deficiencies in the language of the indict-

ment do not occasion reversal absent prejudice to the accused. *United States v. Contris*, 592 F.2d 893, 896 (5th Cir.1979). The indictment is read as a whole to determine its meaning. *United States v. Markham*, 537 F.2d 187, 192 (5th Cir.1976), *cert. denied*, 429 U.S. 1041, 97 S.Ct. 739, 50 L.Ed.2d 752 (1977). "The test of sufficiency is not whether the indictment could have been more artfully or precisely drawn, but whether it states the elements of the offense intended to be charged and adequately apprises the defendant of that which he must be prepared to meet." *United States v. Contris*, 592 F.2d at 896.

In *United States v. Gordon*, 638 F.2d 886 (5th Cir.1981), we held that an indictment charging theft of "property" of the United States constituted full notice of the charge of theft of a "thing of value" of the government. Similarly, a charge of accepting certain amounts of money sufficiently signalled the accusation that Ylda had accepted a "thing of value" from the vendors' representatives. The bribes accepted by Ylda were in the form of cash, money orders and cashier's checks, all of which could be considered money in the common sense of that word. Although the term "thing of value" has a broader meaning than the words "sum of . . . dollars," the use of the latter term in the language of the indictment resulted in no prejudice to Ylda. The words "accept and receive" used in the indictment are sufficiently equivalent to the words "agrees to receive," the language of the statute, that the failure to include the additional verbiage did not amount to a fatal defect.

To pass muster the indictment must allege the essential elements of the offense and state facts sufficient to permit the defendant to plead former jeopardy in a subsequent prosecution. *Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240, 250 (1962); *United States v. Contris*, 592 F.2d at 896. The deficiencies in the bribery counts of the indictment are not material. The indictment adequately informed Ylda of the charges against him and he could not again

be subjected to defending against the same accusations. No prejudice having been demonstrated by the failure of the indictment to track the exact language of the statute cited in the bribery counts, Ylda's claim lacks merit. The indictment and the jury charge were both sufficient and neither require reversal in this case.

### III. Jury Charge on Appellant's Interest in the Case.

The trial court instructed the jury that, in determining the degree of credibility that it would afford the defendant's testimony, it was "entitled to take into consideration the fact that he is the defendant and has a very keen personal interest in the result of your verdict." It is settled in this circuit that this charge is proper. *United States v. Jones*, 587 F.2d 802, 806 (5th Cir. 1979); *United States v. Wiggins*, 566 F.2d 944, 945 (5th Cir.), *cert. denied*, 436 U.S. 950, 98 S.Ct. 2859, 56 L.Ed.2d 793 (1978). Other circuits have reached a different conclusion. *See, e. g., United States v. Standing Soldier*, 538 F.2d 196, 204 (8th Cir.), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976). We are, however, required to follow the law of this circuit. *See United States v. Jones*, 587 F.2d at 806; *United States v. Wiggins*, 566 F.2d at 945.

### IV. Exclusion & Admission of Certain Evidence.

We need not discuss the documents at length. The documents offered by Ylda and excluded by the trial court tended to show Ylda's prior accumulation of wealth, but had no probative value as to whether he was accepting bribes. These documents provided no defense to the bribery or mail fraud charges. "Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant." *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir.1978). Any effect they would have had on the other charges is irrelevant in light of the verdict of acquittal on those counts.

Appellant also urges that the trial court erred in admitting the plea agreement

of Robert Peffers, who owned half of two companies implicated in illegal activities with the AAFES. These activities involved the bribes paid to Ylda for toy sales. Ylda himself offered for admission another plea agreement signed by Mr. Peffers on behalf of one of the two companies. Moreover, before the government sought to introduce Peffers' plea agreement, Ylda elicited testimony from Peffers' partner regarding plea agreements signed by Peffers.

The trial court has broad discretion in determining the admission of evidence based on relevancy and materiality. *United States v. Grimm*, 568 F.2d at 1138; *United States v. Castell*, 584 F.2d 87, 89 (5th Cir. 1978), *cert. denied*, 440 U.S. 925, 99 S.Ct. 1256–57, 59 L.Ed.2d 480 (1979). The trial court's rulings on relevancy and materiality of evidence will be overturned when abuse of that discretion is clearly shown. *United States v. Castell*, 584 F.2d at 89. We find no abuse of discretion in either the admission of the government's proffered evidence or the exclusion of the documents offered by Ylda.

For these reasons, the conviction is AFFIRMED.