**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Shahriar TASHNIZI,**
**Defendant-Appellant.**

No. 82–2037
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 9, 1982.
Rehearing and Rehearing En Banc Denied
Oct. 20, 1982.

---

**2.** The defendant essentially was serving a mandatory minimum sentence of 20 years.

Roland E. Dahlin, II, Federal Public Defender, Karen K. Brown, Asst. Federal Public Defender, Houston, Tex., Juan E. Gavito, George McCall Secrest, Jr., Asst. Federal Public Defenders, Brownsville, Tex., for defendant-appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Shahriar Tashnizi was charged in a two-count indictment under 8 U.S.C. §§ 1324(a)(4) & (a)(1), with (1) encouraging the entry of an alien and (2) bringing an alien into the United States. Upon Tashnizi's plea of guilty to the second count, the first count was dismissed. On appeal, he claims that the second count of the indictment was defective because it failed to state an offense.[1] We affirm.

On September 20, 1981, Tashnizi drove an automobile across the International Bridge at Brownsville, Texas. Immigration offi-cials stopped his automobile and in a search of its trunk found an alien named Hassan Zahiri Bashti. Tashnizi was indicted under the Immigration and Nationality Act, 8 U.S.C. § 1324. Section 1324(a)(1) of title 8 provides:

(a) Any person, including the owner, operator, pilot, master, commanding officer, agent, or consignee of any means of transportation who—

(1) brings into or lands in the United States, by any means of transportation or otherwise, or attempts, by himself or through another, to bring into, or land in the United States, by any means of transportation or otherwise;

\*　　\*　　\*　　\*　　\*　　\*

any alien, including an alien crewman, not duly admitted by an immigration officer or not lawfully entitled to enter or reside within the United States under the terms of this chapter or any other law relating to the immigration or expulsion of aliens, shall be guilty of a felony. . . .

The indictment charged in the accused count that appellant "did unlawfully and knowingly bring into and land in the United States a certain alien named Hassan Zahiri Bashti who was not then and there lawfully entitled to enter and not lawfully entitled to reside in the United States. . . ." Tashnizi claims that the indictment is defective because it did not charge that he brought an alien into the United States "by any means of transportation or otherwise."

By the language of the statute, the gravamen of the offense is the unlawful bringing in or landing of an alien in the United States. The offense does not turn on the means used to bring an illegal alien into the country, but is violated regardless of the means used. It follows that all elements of the offense were charged. While we see no deficiency in the indictment, there are certainly none that would escape the preclud-

---

1. An objection that the indictment fails to state an offense may be raised after a guilty plea, *see United States v. Meacham*, 626 F.2d 503, 510 (5th Cir. 1980), though not raised at the trial level. *See United States v. Varkonyi*, 645 F.2d 453, 455 (5th Cir. 1981).

ing principle that "minor deficiencies in the language of the indictment do not occasion reversal absent prejudice to the accused." *United States v. Ylda*, 643 F.2d 348, 351–52 (5th Cir. 1981). As we have cautioned, "The law does not compel a ritual of words . . . The validity of an indictment is governed by practical, not technical considerations." *United States v. Varkonyi*, 645 F.2d 453, 455–56 (5th Cir. 1981).

In *Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–1047, 8 L.Ed.2d 240 (1962), the Supreme Court described the required protections of an indictment:

> In a number of cases the Court has emphasized two of the protections which an indictment is intended to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured. These criteria are, first whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,'" and, secondly, " 'in case any other proceedings are taken against him for a similar offence, [sic] whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'" *Cochran and Sayre v. United States*, 157 U.S. 286, 290 [15 S.Ct. 628, 630, 39 L.Ed. 704], *Rosen v. United States*, 161 U.S. 29, 34 [16 S.Ct. 434, 435, 40 L.Ed. 606].

No claim is made that the indictment did not state facts sufficient to permit Tashnizi to plead former jeopardy in a subsequent prosecution, *United States v. Ylda*, 643 F.2d 348, 352 (5th Cir. 1981), or that the indictment did not otherwise give notice, except for the omission of the means of transporting the alien.

Having found that such means are not an element of the offense, the conviction of the defendant is

AFFIRMED.