UNITED STATES of America, Plaintiff-Appellee,

v.

Sherman HARRIS, Johnny Lewis Holt, Ernest Wilcox, Jr., John Williams, Jr., Bernard Turner, Defendants-Appellants.

No. 82–8622.

United States Court of Appeals, Eleventh Circuit.

Dec. 5, 1983.

Gary G. Grindler, Atlanta, Ga., for plaintiff-appellee.

Irving Anolik, New York City, for Harris.

Alden W. Snead, Lawrenceville, Ga., for Williams.

Torin D. Togut, Court appointed, Decatur, Ga., for Turner.

William D. Smith, Smith & Sheffield, Atlanta, Ga., for Holt.

Linda S. Sheffield, Smith & Sheffield, Atlanta, Ga., for Wilcox.

Before HILL and KRAVITCH, Circuit Judges, and MORGAN, Senior Circuit Judge.

LEWIS R. MORGAN, Senior Circuit Judge:

The appellants, Sherman Harris, Johnny Lewis Holt, Bernard Turner, Ernest Wilcox, Jr., and John Williams, were convicted by a jury in the Northern District of Georgia on a single count of conspiracy to possess heroin and cocaine with the intent to distribute in violation of 21 U.S.C. § 846. The evidence at trial established that each of the appellants operated as a "retail" distributor of illegal drugs for a network managed in New York by Carolyn Wade and numerous others. Wade's group obtained the drugs from Richard Sheridan. Carolyn Wade was charged in the indictment along with the appellants, but she pled guilty and testified for the government. Richard Sheridan was also a co-defendant with the appellants, but he changed his plea to guilty after Wade testified. In this appeal, appellants raise eight issues: (1) whether the evidence was sufficient to prove appellants were engaged in a single conspiracy as alleged in the indictment, or involved in several separate conspiracies; (2) whether Sheridan's change of plea during the government's case de-

prived the other defendants of a fair trial; (3) whether Holt and Wilcox were denied effective assistance of counsel because of their representation by the same attorney; (4) whether the trial court properly refused to grant a motion for severance; (5) whether Harris was denied effective assistance of counsel because his attorney failed to move for a bill of particulars; (6) whether the trial court properly refused to strike the entire jury panel after a prospective juror made potentially prejudicial remarks to another prospective juror; (7) whether the trial judge's stern admonishment of Harris' attorney during closing arguments deprived appellants of a fair trial and Harris of effective assistance of counsel; and (8) whether the trial court erred by denying Harris' pretrial motion to exclude evidence of his earlier drug related convictions. After a careful review of the record and applicable law, we find no reversible error but believe the latter two issues merit further discussion.

The issue concerning the trial judge's admonishment of Harris' attorney arises from the following circumstances. During his opening statement, Richard Sheridan's attorney referred to Carolyn Wade's pending motion to reduce sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Sheridan's attorney then inferred that Wade would be rewarded by the trial judge for favorable testimony during the appellants' trial. Outside the presence of the jury, the judge clearly and sternly reprimanded Sheridan's attorney for making the improper inference. Despite this earlier reprimand, Harris' attorney made a similar inference in his closing argument:

> That motion, that Rule 35 motion by [Carolyn Wade's] attorney was before Judge Forrester, and you have it in evidence before you now, and last night after listening to her testimony, after hearing it himself, Judge Forrester decided he wasn't going to take one day off that. He wasn't going to take one day off that, and he denied her motion.
>
> Now nobody does 12 years on a 12 year sentence and I don't know what she is actually going to have to do, probably

five or six. But that is not important. Her mind when she sat there was, if I give the government what they want, and the judge hears it he is going to take time off my sentence. He will reduce it to ten or eight, and I'll only have to do 3 or 4. Judge Forrester heard her testimony and Judge Forrester said you will do fifteen.

Record, vol. 13, at 85. The government immediately objected and the jury was excused. At this point the trial judge was extremely angry with Harris' attorney for attempting to infer that Wade's motion for a reduction of sentence was denied because the judge did not believe her testimony. He stated to Harris' attorney: "I really don't know what to do. I'll tell you this, if I grant a mistrial, . . . you will never step foot in the Northern District of Georgia again, is that clear?" Court then recessed in order for the judge to "cool off." After court reconvened, the trial judge made the following statement to the jury:

> Ladies and gentlemen of the jury, the court finds that Mr. Nisonoff has argued that you should infer from my denial of Mrs. Wade's motion to reduce sentence that I did not believe her testimony during trial. Mr. Nisonoff knows that I made no such finding, and the court finds that he intentionally attempted to mislead you concerning the inference which you should draw from this action. He is reprimanded in your presence for this impropriety.
>
> As he said earlier, I'll instruct you and you should disregard his argument, but do not hold his impropriety against his client.

Record, vol. 13, at 89. On appeal, the appellants argue that these remarks to the jury deprived them of a fair trial by disparaging the defense and giving credibility to Wade's testimony. We disagree.

A trial judge is more than a referee to an adversarial proceeding. Indeed, the judge may question witnesses, comment on the evidence, and interrupt the trial in order to correct an impropriety. *Moore v.*

*United States,* 598 F.2d 439 (5th Cir.1979). The judge's participation is limited only by the need to remain impartial. "Only when the judge's conduct strays from neutrality is the defendant thereby denied a constitutionally fair trial." *Id.* at 442. In the present case, we find that the trial judge certainly was warranted in speaking to the jury in order to correct the statement made by Harris' attorney. It is the manner and content of the judge's statement which concerns us. The blunt reprimand in the jury's presence served more to embarrass the attorney than to correct his impropriety. While we conclude that the judge's statement was unnecessary and improper, we do not believe it violated his duty of neutrality to the extent that it is reversible error. In reaching this decision, we are guided by *United States v. James,* 510 F.2d 546 (5th Cir.), *cert. denied,* 423 U.S. 855, 96 S.Ct. 105, 46 L.Ed.2d 81 (1975). In that case the trial judge responded to a defense objection by stating that an issue could be reviewed by the Fifth Circuit. On appeal the defendant argued that the judge's statement evidenced a belief that conviction was properly forthcoming. The *James* court rejected this argument citing three factors. First, the panel believed that the jury understood the proper meaning of the trial judge's statement. Second, they noted that the statement was only a few seconds of a very lengthy trial and concerned a procedural question far removed from the substantive issues. And third, the trial judge properly instructed the jury at the conclusion of trial. Our decision in the present case is based on similar reasons. We do not believe that the jury below could have inter-

preted the judge's statement as vouching for the credibility of Wade's testimony, nor can we find that it is unfairly critical of the defense case. Furthermore, the trial judge carefully instructed the jury to separate the actions of Harris' attorney from the question of guilt and later instructed the jury to form no opinions based on the judge's remarks or actions. Record, vol. 13, at 123. This case does differ from *James* in one aspect, however, since the questionable judicial conduct occurred during closing arguments and related to the integrity of the defense attorney. We do not believe this distinction is insignificant, but after reviewing the totality of the circumstances we remain convinced that no reversible error occurred. The trial judge did not impermissibly stray from neutrality.[1] *See United States v. Cox,* 664 F.2d 257 (11th Cir.1981); *United States v. Onori,* 535 F.2d 938 (5th Cir.1976); *United States v. Cook,* 461 F.2d 906 (5th Cir.), *cert. denied,* 409 U.S. 949, 93 S.Ct. 269, 34 L.Ed.2d 219 (1972).

The second issue we must address concerns Harris' conviction on drug conspiracy and possession charges in 1975. During the course of the trial below Harris moved to prevent the government from introducing evidence of these convictions if he chose to testify. He claimed that the resulting prejudice would outweigh any probative value as discussed in Rule 609 of the Federal Rules of Evidence. The district judge heard arguments on the motion and denied it for two reasons. First, the judge found that evidence of the conviction would be admissible under Rule 404 to establish intent.[2] Second, he concluded that evidence of the conviction would be admissible under

---

1. Harris also claims that the reprimand of his attorney in the jury's presence and other remarks made by the judge outside the jury's presence deprived him of effective assistance of counsel. He argues that his attorney was too devastated by the judge's criticism to continue effective representation. We find this argument wholly without merit. Harris has failed to specify one instance of ineffective representation by his attorney. On the contrary, the record establishes that Harris' attorney continued a vigorous, coherent closing argument after his colloquy with the trial judge. *See Ward v. United States,* 694 F.2d 654 (11th Cir.1983).

2. Rule 404(b) of the Federal Rules of Evidence provides: ·

   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Rule 609 for an attack on Harris' credibility since Harris had attacked the credibility of the government's main witness by using evidence of prior convictions.[3] Record, vol. 12, at 10. On appeal Harris argues that the judge erred in reaching this decision, and further argues that the error is not harmless because the judge's decision effectively prevented him from testifying in his own defense. In rejecting this argument, we recognize the potential danger to a defendant of admitting evidence of a prior conviction, especially when the prior conviction is for the same crime with which he is charged. *See United States v. Ortiz*, 553 F.2d 782 (2d Cir.), *cert. denied*, 434 U.S. 897, 98 S.Ct. 277, 54 L.Ed.2d 183 (1977). We find, however, that the trial judge did not abuse his discretion in denying Harris' motion. As the trial judge noted, evidence of Harris' previous convictions would have been admissible under Rule 404 to establish intent. *United States v. Glen-Archila*, 677 F.2d 809 (11th Cir.1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 165, 74 L.Ed.2d 137 (1983); *United States v. Ricardo*, 619 F.2d 1124 (5th Cir.), *cert. denied*, 449 U.S. 1063, 101 S.Ct. 789, 66 L.Ed.2d 607 (1980). Moreover, the record clearly establishes that the judge weighed the possible prejudice to Harris against the probative value of the evidence as required by Rule 609, and concluded that to exclude the evidence would unfairly allow Harris to appear pristine while at the same time he vigorously used evidence of prior convictions to attack the credibility of the government's witnesses. We find no abuse of discretion in a decision based on this reasoning. *See United States v. Johnson*, 588 F.2d 961 (5th Cir.1979); *United States v. Wiggins*, 566 F.2d 944 (5th Cir.), *cert. denied*, 436 U.S. 950, 98 S.Ct. 2859, 56 L.Ed.2d 793 (1978).

For these reasons, the convictions of the appellants are

AFFIRMED.

**3.** The relevant portion of Rule 609(a) provides:
    For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime

(1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant. . . .