E. GRADY JOLLY, Circuit Judge,
dissenting in part, specially concurring in result:
I concur in the result reached by Judge Barksdale but respectfully dissent from his analysis with respect to the standard of review. The question presented is whether Ulloa’s contention that no offense was committed under 18 U.S.C. § 924(c)(1) may be raised for the first time on appeal. Judge Barksdale concludes that this challenge may not be reviewed absent a showing of plain error. I believe, however, that a defendant’s contention that he committed no offense is a challenge to the jurisdiction of the sentencing court and, as with all jurisdictional defects, may be raised at any time.
I recognize that in many — if not most— cases challenging the sufficiency of the facts upon which a conviction rests, the standard of review used by this court is somewhat an abstract question that may be of little practical consequence; that is, the result will be the same under either standard. In cases such as this one, however, where a defendant contends that intervening law establishes that his actions do not constitute a crime, the standard of review that we apply can be of enormous consequence. To review for plain error, as Judge Barksdale insists, would render many challenges unreviewable. This is *957 so because a finding of plain error requires that
(1) there must be an error, i.e., a deviation from a legal rule, absent a valid waiver;
(2) the error must be plain, i.e., clear or obvious, and “ ‘clear under current law[5] at the time of trial”;
(3) the error must affect substantial rights, i.e., it must be prejudicial and affect the outcome of the proceedings; and
(4) the errors “seriously affect the fairness, integrity, or public reputation of judicial proceedings.”
Op. at 5553 (citing U.S. v. Calverley, 37 F.3d 160, 163-64 (5th Cir.1994) (en banc)). Clearly, where intervening law establishes that a defendant’s actions do not constitute a crime, a defendant restricted to plain error review will be unable to demonstrate that the error was “ ‘clear under current law[1] at the time of the trial.”[1] Confining our review to plain error, thus, would leave this court powerless to correct a jurisdictional defect that goes “to the very power of the State to bring the defendant into court to answer the charges brought against him.” Blackledge v. Perry, 417 U.S. 21, 30, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628 (1974).
We have long held that a claim that an indictment fails to allege, an offense is a challenge to the jurisdiction of the convicting court and is not waived by a guilty plea. See United States v. Osiemi, 980 F.2d 344, 345 (5th Cir.1993); United States v. Rivera, 879 F.2d 1247, 1251, n. 3 (5th Cir.), cert. denied, 493 U.S. 998, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989); United States v. Edrington, 726 F.2d 1029, 1031 (5th Cir.1984); United States v. Lopez, 704 F.2d 1382, 1385 (5th Cir.1983); United States v. Meacham, 626 F.2d 503, 510 (5th Cir.1980). Accordingly, we have permitted defendants on direct appeal to raise an objection that the indictment fails to state an offense even though the defendant failed to object at the trial level. See United States v. Tashnizi, 687 F.2d 50 (5th Cir.1982); United States v. Varkonyi, 645 F.2d 453, 455 (5th Cir.1981). Similarly, we have permitted such challenges to be raised for the first time in a petition for habeas corpus “because such an error divests the sentencing court of jurisdiction.” United States v. Osiemi, 980 F.2d 344, 345 (5th Cir.1993). See also United States v. Harper, 901 F.2d 471, 472 (5th Cir.), reh’g denied, en banc 907 F.2d 146 (1990); United States v. Prince, 868 F.2d 1379, cert. denied, 493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989). We have done so for the well-established reason that “a plea of guilty to a charge does not waive a claim that— judged on its face — the charge is one which the State may not constitutionally prosecute.” Menna v. New York, 423 U.S. 61, 62-63 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975). See also United States v. Knowles, 29 F.3d 947, 952 (5th Cir.1994).
At bottom, then, this is a question not of procedural default, but of jurisdiction — the power to convict a criminal defendant and send him to jail. We have such power by virtue of the statutes under which a defendant is being prosecuted. Where a defendant contends that intervening law establishes that his conduct is not punishable under the relevant statute, we are obligated independently to establish our jurisdiction over the defendant. Moreover, as the dissent points out, to deny a criminal defendant the benefit of changes in the substantive criminal law defining the offense for which he has been convicted, simply because “he failed to make a futile and probably frivolous objection, does not accord with basic fairness.” Dissent at 5560 (citing United States v. McGuire, 79 F.3d 1396, 1402 (5th Cir.1996).
Although the standard of review will be of critical practical importance in cases where we agree with the defendant that intervening law establishes that his conduct falls outside the scope of the statute, in this case it is not. For the reasons stated in Judge Barksdale’s opinion, Ulloa “used” a firearm within the meaning of § 924(c)(1) and Bailey v. United States. I thus dissent from the standard of *958 review applied, but concur in the result reached.

. The majority correctly notes that plain error review was used in United States v. Knowles, 29 F.3d 947 (5th Cir.1994). Notably, the panel in Knowles applied a pre-Calverley test for plain error and thus did not confront the potential for non-reviewability that the Calverley test poses.