**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sherwood Thomas EDRINGTON,
Defendant-Appellant.**

**No. 83–2458.**

United States Court of Appeals,
Fifth Circuit.

Feb. 27, 1984.

---

Roland E. Dahlin, II, Federal Public Defender, Thomas S. Berg, Houston, Tex., for defendant-appellant.

James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

POLITZ, Circuit Judge:

Sherwood Thomas Edrington pled guilty to a one-count indictment charging a violation of 18 U.S.C. § 751(a) in that he "did unlawfully, knowingly and willfully escape from the institution in which he was confined by direction of the Attorney General ...."[1] Edrington now challenges his conviction, contending that the indictment was fatally defective. Because the indictment failed to allege an essential element of the felony offense of escape from federal custody or confinement, we vacate the conviction and remand.

### Facts

In July 1976, Edrington was found guilty of interstate transportation of a motor vehicle, 18 U.S.C. § 2312. He was sentenced under the Youth Corrections Act, 18 U.S.C. §§ 5005, 5024, and was remanded to the custody of the Attorney General under a six-year indeterminate sentence. His release date was set for August 15, 1982.

On May 14, 1982, Edrington was transferred to New Directions, Inc., a community treatment center in Houston, Texas. Pursuant to its contract with the Bureau of Prisons, New Directions attempts to prepare "short-time" prisoners for their return to society. Edrington left the halfway house on May 22, 1982, claiming that he was going to do his laundry. He never returned.

A grand jury indicted Edrington on July 19, 1982 for escaping, in violation of 18 U.S.C. § 751(a). He pled guilty on May 16, 1983 and was ultimately sentenced to two years' confinement.

---

1. The entirety of the indictment reads:
   GRAND JURY CHARGES:
   That on or about the 22nd day of May, 1982, in the Houston Division of the Southern District of Texas, and within the jurisdiction of this Court, SHERWOOD THOMAS EDRINGTON, the defendant, did unlawfully, knowingly and willfully escape from the institution in which he was confined by direction of the Attorney General, to-wit: the New Directions Club, Inc., Houston, Texas. (Violation: Title 18, United States Code, Section 751(a).)

## Analysis

Edrington asserts that the indictment is "fatally defective for failing to allege that he was in custody by virtue of a conviction for a federal crime." Restated, the indictment fails to allege an essential element of the felony offense proscribed by § 751(a).

■ As a threshold consideration we note that Edrington's guilty plea presents no bar to his challenge to the sufficiency of the indictment. Although by pleading guilty a defendant waives a number of objections to his conviction that otherwise could be raised on appeal, the "entry of a guilty plea does not act as a waiver of jurisdictional defects such as an indictment's failure to charge an offense." *United States v. Meacham,* 626 F.2d 503, 510 (5th Cir.1980). *See* Fed.R. Crim.P. 12(b)(2).

■ The pertinent portions of § 751(a) establishing the felony offense of escape state:

Whoever escapes . . . from the custody of the Attorney General . . . or from any institution or facility in which he is confined by direction of the Attorney General . . . shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both . . . .

The statute requires three elements for the felony offense of escape: (1) an unauthorized departure, (2) from the custody of the Attorney General or from an institution in which the accused was placed by the Attorney General, (3) where the custody or confinement is by virtue of either an arrest for a felony or conviction of any offense.[2] *See United States v. Spletzer,* 535 F.2d 950 (5th Cir.1976).

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that the indictment "be a plain, concise and definite written statement of the essential facts constituting the offense charged." In *Russell v. United States,* 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), the benchmark case involving the sufficiency of an indictment, the Supreme Court noted that the first criterion for measuring the adequacy of an indictment is "whether the indictment 'contains the elements of the offense intended to be charged.'" *Id.* at 763, 82 S.Ct. at 1046, *quoting Cochran and Sayre v. United States,* 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704 (1895).

■ We agree with our colleagues of the Seventh Circuit that the underlying basis of the accused's federal custody or confinement is an essential element of the offense proscribed by § 751(a). *See United States v. Richardson,* 687 F.2d 952 (7th Cir.1982). Like all other essential elements, the underlying basis must be set forth in the indictment. *See* Devitt & Blackmar, *Federal Jury Practice and Instructions,* § 30.01 (3d Ed.1977 and Supp.1983). *But cf. United States v. McCray,* 468 F.2d 446 (10th Cir. 1972). Therefore, we hold that to allege a felony offense under § 751(a), Edrington's indictment had to charge: (1) an escape or attempted escape, (2) by one who is in the custody of the Attorney General or is confined to an institution or facility by direction of the Attorney General, (3) pursuant to an arrest on an identified felony charge or pursuant to conviction of an identified federal offense.

Edrington's indictment is deficient because it contains no reference to the underlying basis of his federal confinement. The indictment nakedly refers to the fact that Edrington was confined to the New Directions Club by direction of the Attorney General but is silent as to the reason for that confinement. That silence is fatal.

■ Edrington failed to object in district court to the sufficiency of the indictment. The government concedes that the indictment probably would have been dismissed upon a proper pretrial motion. Because Edrington raises the issue for the first time

**2.** Section 751(a) encompasses both a felony and a misdemeanor escape offense, depending upon the underlying basis for the defendant's federal custody or confinement. Because Edr-

ington was indicted under the felony component of § 751(a), we neither address nor express an opinion as to the elements of the misdemeanor escape offense.

on appeal, we are constrained to view the indictment with maximum liberality. Even accorded that deference, however, the language of the indictment is grossly inadequate, for it "is axiomatic that the elements alleged must amount to an offense." *United States v. Meacham,* 626 F.2d at 507. The indictment fails to allege a cognizable federal offense. The district court should not have accepted the plea of guilty.[3]

The conviction is VACATED and the matter is REMANDED with instructions to dismiss the indictment.

---

**3.** Edrington asserts that his guilty plea was invalid because the district court did not comply with Fed.R.Crim.P. 11. Specifically, he claims that the court violated Rule 11(c)(1) by accepting the plea when he did not understand the willful nature of his crime. His assertions are without merit. *United States v. Dayton,* 604 F.2d 931 (5th Cir.1979) (en banc).