Joseph Manuel URESTI,
Petitioner-Appellant,

v.

James, A. LYNAUGH, Interim Director,
Texas Department of Corrections,
Respondent-Appellee.

No. 86–2229
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 17, 1987.
Rehearing Denied Aug. 20, 1987.

Joseph Manuel Uresti, pro se.

Liz Bills, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Margaret Portman Griffey, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Joseph Manuel Uresti, represented by court-appointed counsel, pled guilty in the state district court in Houston, Texas, to the felony offense of aggravated rape. On March 15, 1977, he was sentenced to 35 years in prison pursuant to a plea agreement with the state. There was no direct appeal. He has exhausted state court remedies in two habeas applications, which were denied without written order on June 14, 1978 and October 20, 1982, respectively.

He filed this petition pursuant to 28 U.S.C. § 2254 in federal district court. In his petition he alleged (1) his counsel was ineffective and, as a result, his guilty plea was involuntary; (2) his indictment was fundamentally defective as it failed to allege the elements of aggravated rape; and (3) he was beaten into signing a confession. The district court denied relief on March 17, 1986. Uresti filed a timely notice of appeal. On May 7, 1986, the district court denied leave to proceed on appeal in forma pauperis and also certificate of probable cause on grounds that Uresti could not make a rational argument on law or the facts to support his claim for relief. This Court granted certificate of probable cause and leave to appeal in forma pauperis on September 30, 1986.

Issue 1: Guilty Pleas—Ineffectiveness of Counsel.

The major issue in this case grows out of Uresti's guilty plea and alleged ineffective

assistance of his court-appointed counsel, Victor Blaine, in connection with it. Uresti claims that his guilty plea was not voluntarily entered because: (1) Blaine told him that he would "appeal" the case only if Uresti accepted the district attorney's offer of a 35 year plea bargain and Blaine would not go to trial with Uresti if he did not accept the 35 year bargain; (2) Blaine laughed at him when he said he wanted a trial by jury and told him that if he went to trial he would get 99 years, and that he would be very lucky if the court allowed him to plead guilty for 60 years; and (3) Blaine gave him erroneous advice on a clear point of law.

■ For Uresti to establish ineffective assistance of counsel he must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668, 678, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, there must be a showing that the deficient performance so prejudiced the defense that defendant was deprived of a fair trial. This two-part test for ineffective assistance of counsel applies when a guilty plea is attacked on grounds of ineffectiveness. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). When a defendant complains about attorney error concerning a plea, *Strickland*'s prejudice prong requires a showing that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. 106 S.Ct. at 370.

At the time of Uresti's first state habeas application, Uresti's appointed trial counsel filed an affidavit concerning the facts surrounding his representation of Uresti. The state habeas court made findings of fact based in part on this affidavit. It found that attorney Blaine interviewed Uresti, obtained a psychiatric examination for him, had more than one conference with the assistant district attorney handling the case in which he read the state's file, received a copy of Uresti's confession and a copy of the psychiatric examination, and

interviewed Uresti's grandmother, mother, and girlfriend. Further, Blaine stated that Uresti was advised of the plea recommendations of the state, that Uresti pleaded guilty voluntarily and knowingly, and he was fully advised of his rights of appeal.

■ Findings of fact made after an evidentiary hearing are entitled to a presumption of correctness. 28 U.S.C. § 2254(d); *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). The state court's hearing by affidavit was sufficient to invoke the presumption, *Smith v. Estelle*, 711 F.2d 677, 681 (5th Cir.1983), *cert. denied*, 466 U.S. 906, 104 S.Ct. 1685, 80 L.Ed.2d 159 (1984), and, therefore, the findings about Blaine's investigation and advice must be presumed correct. The state court's determination that the plea was voluntary for constitutional purposes, however, is a question of federal law and is not a fact question subject to the requirements of 28 U.S.C. § 2254(d). *Marshall v. Lonberger*, 459 U.S. 422, 428, 103 S.Ct. 843, 847–48, 74 L.Ed.2d 646 (1983).

■ Blaine's affidavit raises one serious question as to whether Uresti's plea was voluntary. Blaine stated that he told Uresti of the offer of a 35 year plea bargain, negotiated down from an original 60 year bargain, and that Uresti indicated he wanted to think it over for a few days. Blaine stated he feared that the offer would be withdrawn, and also that jailhouse lawyers would advise Uresti to his detriment. So he told Uresti "that if he did not accept the recommended thirty-five (35) year plea on that day he, the attorney, would request permission of the Court to permit him to withdraw as his attorney and ask the court to appoint someone else...." Blaine concluded that he did not yell at Uresti, did not laugh at him, but that "he did use what persuasion he could reasonably muster to convince [him] to plead guilty."

It should first be emphasized that Blaine did not threaten "abandonment" and no representation. Instead he indicated he would ask to withdraw and have another attorney appointed. No case directly on point has been found. But the conclusion that Blaine acted properly follows with

clarity from the guidance of two cases. In *Jones v. Estelle*, 584 F.2d 687, 690 (5th Cir.1978), the Court held that a claim that an attorney's "impatience and stern demand for a quick answer, when added to the threat of a life sentence if the case went to trial," was insufficient to show that mental coercion overcame the petitioner's free will in making a guilty plea. Then in *Diaz v. Martin*, 718 F.2d 1372, 1378 (5th Cir.1983), *cert. denied*, 466 U.S. 976, 104 S.Ct. 2358, 80 L.Ed.2d 830 (1984), the Court stated that "[i]f the accused refuses to accept proper representation, the lawyer should either withdraw or inform the court fully about the limited nature of the service he has been able to render."

We have here an attorney who on the record is acting in good faith and affording sound representation when he decides that a client should plead guilty under a plea bargain. The client indicates doubt. Without question, the attorney has the right to ask the court to allow him to withdraw as counsel and have another counsel appointed if the client refuses to plead. He has given his best advice. He thinks the insistence of his client that the case go to trial is foolhardy. He has done what he can, and he wants to ask to be relieved so that another attorney more sympathetic to trial be appointed in his stead. Having that right, whether or not the court in its discretion would grant the request,[1] it would be improper and unethical not to warn his client that this was the course of conduct he would follow if the client refused to accept the plea bargain. Withholding this information would withhold a material and significant fact from the accused when the accused was undertaking to decide whether or not to accept the plea bargain.

There is no evidence that in any other way the advice to Uresti as to the plea bargain fell short of the requisite level of thoroughness and professional competence required. Under the principles we have enunciated in *Jones* and *Diaz*, the voluntariness of the decision to plead guilty was not destroyed by counsel properly warning

Uresti of the steps that he was entitled to take and would take which might lead to withdrawal and appointment of another counsel for trial. These circumstances do not establish the involuntariness of a bargained plea of guilty absent any other indication that counsel's representation was inadequate.

■ As to the other two specific assertions undertaking to support the claim of ineffective assistance of counsel, there is no showing that the attorney's advice was improper when Uresti was told that he was likely to get 99 years if he went to trial by jury and that he would be lucky if the court allowed him to plead guilty to 60 years without the plea bargain. On the claim that his attorney gave him erroneous advice on a clear point of law, no specifics are given as to this claim, and we cannot consider it on the basis of such a general non-specific allegation.

Issue 2: Indictment.

■ Uresti's other claims also must fail. He complains that the indictment was defective in that it charged him with aggravated rape rather than simple rape. This challenge is not foreclosed by his guilty plea. *United States v. Edrington*, 726 F.2d 1029, 1031 (5th Cir.1984). It is well settled, however, that the sufficiency of an indictment is not a matter for federal habeas relief unless the indictment is so defective that the convicting court had no jurisdiction. *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir.1980); *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir.1984). The indictment in Uresti's case charged him with:

> ...intentionally and knowingly by force and threatening the imminent infliction of serious bodily injury and death to Bonnie June Blanton, a female not his wife and hereafter styled the Complainant, have sexual intercourse with the Complainant and without the consent of the Complainant.

*United States v. Dangdee*, 608 F.2d 807, 809 (9th Cir.1979).

1. "During the course of a particular case the court may substitute one appointed counsel for another, as the interests of justice require."

In these words it set out all the requirements of the offense of aggravated rape as provided for in Texas Penal Code Ann. § 21.03. It is unclear, but Uresti may be contending that the indictment does not detail the nature of the threat or force, but that is not required.

Issue 3: Coerced Confession.

Finally, Uresti contends that the police officers beat a confession out of him. However, he has not advanced any evidence to support this allegation. A habeas petitioner has the burden of proving facts which would lead the court to conclude that the confession was not voluntary. *Jurek v. Estelle*, 623 F.2d 929, 937 (5th Cir.1980) (en banc), *cert. denied*, 450 U.S. 1014, 101 S.Ct. 1724, 68 L.Ed.2d 214 (1981). This unsupported conclusional allegation, therefore, does not warrant habeas relief.

We conclude that the district court was correct in denying appellant's habeas corpus petition.

AFFIRMED.