**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Regino MORALES–ROSALES,**
**Defendant–Appellant.**

**No. 87–2824**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1988.

---

Before REAVLEY, KING and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Criminal defendant Regino Morales-Rosales challenges the sufficiency of the two-count criminal information under which he pled guilty to transporting an illegal alien in violation of 8 U.S.C. § 1324(a)(1)(B). Specifically, Morales alleges that the criminal information fails to charge willful transportation in furtherance of the alien's unlawful activity. Because this is an essential element of the offense, we vacate Morales' conviction and remand with instructions to dismiss the information.

I

In April 1987, the Immigration and Naturalization Service filed a criminal complaint against Morales, charging that he knowingly transported illegal aliens within the United States in furtherance of their illegal immigration status. After waiving prosecution by indictment, Morales pled guilty to count 2 of a two-count information that charged violation of 8 U.S.C. § 1324(a)(1)(B) and 18 U.S.C. § 2. The district court sentenced him to five years imprisonment but suspended the sentence and placed him on three years probation. Morales filed a timely appeal.

II

On appeal, Morales argues that the criminal information under which he was convicted fails to charge an offense because it fails to charge that he acted willfully in furtherance of the alien's violation of the law. Morales argues that because willful transportation in furtherance of the alien's unlawful activity is an essential element of the offense proscribed by section 1324(a)(1)(B), the information is fatally defective and must be dismissed. We set out the indictment below.[1]

---

Marjorie A. Meyers, Asst. Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Houston, Tex., for defendant-appellant.

Henry K. Oncken, U.S. Atty., James Sabalos, James R. Gough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

1. Specifically, count 2 of the indictment stated:

On or about April 1, 1987, in the Houston Division of the Southern District of Texas and

■ The appellant's argument here is correct. To establish a violation of 8 U.S.C. § 1324(a)(1), the government must prove that the defendant acted willfully in furtherance of the alien's violation of the law. *United States v. Merkt*, 764 F.2d 266, 270 (5th Cir.1985). It is true, as the government argues, that the pertinent provision of section 1324 has been amended since *Merkt* was decided, during the enactment of the Immigration Reform and Control Act of 1986, P.L. 99–603, 100 Stat. 3359 (1986). These changes, however, did not alter the express element of the offense that the defendant act "in furtherance of such violation of law." Section 1324(a)(1)(B) (1987).[2] The reasoning of *Merkt*, therefore, still applies. Specifically, "there must be a direct and substantial relationship between the transportation and its furtherance of the alien's presence in the United States." *Merkt*, 764 F.2d at 271 (quoting *United States v. Moreno*, 561 F.2d 1321, 1323 (9th Cir.1977)). *See also United States v. Shaddix*, 693 F.2d 1135, 1139 (5th Cir.1982). "Willful transportation of illegal aliens is not, per se, a violation of the statute, for the law proscribes such conduct only when it is in furtherance of the alien's unlawful presence." *Merkt*, 764 F.2d at 272.

■ · Since section 1324(a)(1)(B) is a criminal statute, it must be strictly construed. *McNally v. United States*, —— U.S. ——,

107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). The starting place for any determination of whether the charged conduct proscribed by such a statute is a reading of the language of the charging instrument and the statute itself. *Williams v. United States*, 458 U.S. 279, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982). The statute clearly states that an offense is committed when an individual (1) knows that the alien he transports has entered the United States in violation of the law and (2) transports the alien in order to further that violation. The criminal information in this case charges that Morales knew that the alien was not lawfully entitled to enter and reside in the United States, but it does not charge Morales with committing the second element of the offense, to wit, that he acted willfully in furtherance of the alien's violation of the law. A criminal information must be a "plain, concise, and definite written statement of the *essential* facts constituting the offense charged." Fed.R. Crim.P. 7(c)(1) (emphasis added). An information that fails to allege each material element of an offense fails to charge that offense. *United States v. London*, 550 F.2d 206, 211 (5th Cir.1977).

■ This court has noted that although practical, not technical, considerations generally govern the validity of the charging instrument, the failure of an information to charge an offense is a jurisdictional defect

within the jurisdiction of this court, defendants Gregorio Morales–Rosales and Regino Morales–Rosales, each aiding and abetting the other, did transport within the United States by means of an automobile, Jose Luis Sandoval Alaniz, an alien, not duly admitted by an immigration officer and not lawfully entitled to enter and reside within the United States, and knowing that the said alien was in the United States illegally and knowing and having reasonable grounds to believe that his last entry into the United States occurred less than three years before April 1, 1987.

2. Title 8, U.S.C. § 1324(a)(1) as amended now provides:
(1) Any person who ...
(B) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport, or move such alien within the United States by means of transportation or other-

wise, *in furtherance of such violation of law* ...
shall be fined in accordance with Title 18, imprisoned not more than five years, or both, for each alien in respect to whom any violation of this subsection occurs.
8 U.S.C. § 1324(a)(1)(B) (Supp. IV 1987) (emphasis added).
The previous section 1324(a) provided:
(a) Any person ... (2) knowing that he is in the United States in violation of law, and knowing or having reasonable grounds to believe that his last entry into the United States occurred less than three years prior thereto, transports, or moves, or attempts to transport or move, within the United States by means of transportation or otherwise, *in furtherance of such violation of law* ... any alien ... not duly admitted by an immigration officer or not lawfully entitled to enter or reside within the United States ... shall be guilty of a felony....
8 U.S.C. § 1324(a) (1982) (emphasis added).

that is not waived by a guilty plea. *United States v. Edrington,* 726 F.2d 1029, 1031 (5th Cir.1984). The government cannot defend Morales' conviction, therefore, simply on grounds that the criminal information was attacked for the first time on appeal. Nor can the government properly claim that the trial court's explanation of the offense in open court was sufficient to overcome the defect of the information. The government asserts that the discussion in court about the presentence report makes clear that the defendant was aware of what he was charged with and that there was no actual prejudice to him. This argument yields no favorable result for the government because the defect in the information is *jurisdictional.* We should note, however, that even if the defect were not jurisdictional, the government's argument is not well taken. Specifically, the court stated to Morales that "you helped each other, knowingly and not accidentally, move an alien who was illegally in this country." However, this statement and others made by the judge prior to sentencing are relevant only to the requirement that the defendant know and understand that the alien was in the United States illegally, and do not address the additional and separate requirement that the defendant transported the alien willfully *in furtherance of* the alien's violation of immigration law.

For the reasons stated above, the conviction of Morales is reversed, and the case is remanded to the district court for dismissal of the information.

REVERSED AND REMANDED.