**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Damus Byron VANOVER,
Defendant–Appellant.**

**No. 89–1146.**

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 28, 1989.

Decided Nov. 6, 1989.

David J. DeBold, Asst. U.S. Atty., Office of the U.S. Atty., Detroit, Mich., for plaintiff-appellee.

James C. Thomas, Detroit, Mich., for defendant-appellant.

Before KENNEDY and NELSON, Circuit Judges; and WISEMAN, Chief District Judge.[*]

KENNEDY, Circuit Judge.

Defendant Damus Byron Vanover was convicted of escaping from custody, in violation of 18 U.S.C.A. § 751(a) (West.Supp. 1989), after pleading guilty pursuant to a plea agreement. On appeal Vanover claims that the District Court inadequately informed him of the possible sentence he could receive if he pled guilty, that the District Court imposed a period of supervised custody longer than permitted by statute, that use of the sentencing guidelines violated his due process rights, and that the underlying indictment was defective. We reject each of these arguments and affirm the judgment below.

I

On June 14, 1987, Vanover walked away from a half-way house while serving a sentence for wire fraud. Authorities recaptured Vanover on April 20, 1988. A federal grand jury subsequently issued a two-count superseding indictment against Vanover. Count one charged Vanover with escape in violation of 18 U.S.C. § 751.[1] Count two

---

[*] The Honorable Thomas A. Wiseman, Jr., Chief Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

1. Count one of the indictment stated:
That beginning on or about June 14, 1987, and continuing until his capture on or about April 20, 1988, in the Eastern District of Michigan, Southern Division, DAMUS BYRON VANOVER, defendant herein, having been lawfully committed to the custody of the Attorney General on May 13, 1985 by virtue of a judgment and commitment order of the United States District Court for the Eastern District of Michigan, did knowingly escape from the Community Treatment Center, which was his designated place of confinement, and did knowingly fail to return to the custody of the Attorney General or his authorized representatives; all in violation of Section 751 of Title 18 of the United States Code.

charged Vanover with contempt for violating the terms of his bond conditions. Vanover completed his wire fraud sentence while awaiting trial on the escape charge and was released on bond. Vanover subsequently entered into a plea agreement which provided, among other things, that Vanover would plead guilty to escape and the government would drop the contempt charge. The trial court accepted Vanover's guilty plea after conducting a hearing into whether Vanover voluntarily, knowingly, and intelligently entered into the agreement. The trial court subsequently sentenced Vanover to twenty-seven months in prison and three years of supervised release.[2] Vanover now wishes to withdraw his guilty plea or, in the alternative, to have his sentence overturned or reduced.[3]

## II

Before accepting a guilty plea, Fed. R.Crim.P. 11(c)(1) requires a court to inform a defendant of, and determine that the defendant understands, among other things, "the maximum possible penalty provided by law, including the effect of any special parole term or term of supervised release." Vanover argues that while the District Court told him that he could be imprisoned under the statute for five years and told him that, if he was imprisoned for more than one year, he must be placed on supervised release for between two and three years, the court additionally should have stated that the combination of the prison term and supervised release period could exceed the five-year maximum prison sentence for felony escape.[4] Our reading of the transcript indicates that the trial court adequately informed the defendant that he could be sentenced to a combined period of imprisonment and supervised release greater than five years.[5] The two penalties, prison and supervised release, were presented as separate and distinct punishments to which the defendant could be subjected, connected only in the fact that the court must sentence the defendant to supervised release if a period of imprisonment longer than one year was given.

2. The judge placed conditions on Vanover's supervised release, requiring him (1) to abide by the recommended conditions provided in the sentencing guidelines, (2) to pay $1,000 a year during the period of supervised release, (3) not to incur new credit charges or to open additional lines of credit until the court-imposed financial conditions are satisfied or his probation officer approves, (4) to provide his probation officer access to any requested financial information, (5) not to own, possess, or use a firearm, (6) to participate in an approved substance abuse program, which may include drug and alcohol testing. Finally, the judge imposed a fifty dollar special assessment.

3. It is unclear from the defendant's brief whether he seeks to withdraw his guilty plea, to have his sentence reduced, or to have his sentence overturned and his case remanded to the District Court. We need not decide what relief the defendant is requesting, however, since we affirm all aspects of the trial court's order.

4. The following exchanges took place:
Q [Judge] You understand the statutory maximum incarceration is five years and the statutory maximum find [sic] is $250,000; you understand that?
A [Vanover] Yes, I do.
....
Q If I understand it [the plea agreement], the severity under this is no more than three months. That is what it says.

Mr. DeBold [Assistant U.S. Attorney]: What we have agreed to is once the range is determined and we believe the range is probably 24 to 30 months based on the factors the Court would not impose a sentence more than three months above the minimum, in other words, no more than 27 months.
Q You heard the explanation, is that your understanding?
A Yes.
Q Do you understand parole has been abolished and if you are sentenced to prison you will not be subject to parole?
A Excuse me?
Q Parole has been abolished, you understand? If I sentence you to prison you will not be subject to parole.
A Yes.
....
Q You understand that if you are sentenced to more than one year in prison you will have to be placed on supervised release for between two and three years; you understand?
A Yes, sir.

5. This is particularly the case where the defendant stated that he had read the plea bargaining agreement, which stated in part "If defendant is sentenced to more than one year in prison, following release from prison, defendant will be placed on supervised release for between two and three years." Further, the defendant admitted he discussed the application of the guidelines with his attorney.

## III

■ Vanover next claims that the supervised release statute only permits the court to impose a two-year period of supervised release for persons convicted of escape under 18 U.S.C.A. § 751(a). This interpretation is correct for offenses completed prior to December 7, 1987. For offenses completed after that date, however, the statute authorizes up to three years of supervised release. The governing statute, 18 U.S.C. § 3583(b)(2) (Supp. V 1987), was amended effective December 7, 1987, to increase the maximum period of supervised release for class D felonies, such as escape, from two to three years.[6]

While Vanover's escape began prior to the effective date of this statute, it did not end until the defendant's capture on April 20, 1988. Since the three-year supervised custody provision became effective during the period of the defendant's escape, he is subject to sentencing under it. *See United States v. Bailey*, 444 U.S. 394, 413, 100 S.Ct. 624, 636, 62 L.Ed.2d 575 ("escape from federal custody as defined in § 751(a) is a continuing offense and ... an escapee can be held liable for failure to return to custody as well as for his initial departure"). Thus, the three-year maximum period of supervised release authorized by the 1987 amendment applies to the defendant.

## IV

Vanover also raises a due process argument, claiming that the sentencing guidelines violate the fifth amendment. We need not linger on this claim in view of this Circuit's recent decisions in *United States v. Jacobs*, 877 F.2d 460 (6th Cir.1989) and *United States v. Allen*, 873 F.2d 963 (6th Cir.1989) rejecting these claims.[7]

## V

Finally, Vanover argues that the indictment under which he was convicted was defective because it did not sufficiently identify the underlying offense for which he was in custody at the time of his escape. Initially, we must address the question of whether the defendant has waived his right to challenge his indictment by pleading guilty and not challenging the indictment below. While Fed.R.Crim.P. 12(b)(2) and 12(f) provide that a defendant's right to challenge the indictment is waived if not raised before trial, challenges alleging that the indictment "fails to show jurisdiction in the court or to charge an offense ... can be raised at any time during the pendency of the proceedings." Fed.R.Crim.P. 12(b)(2). *See also United States v. Edrington*, 726 F.2d 1029 (5th Cir.1984) (defendant does not waive right to challenge sufficiency of the indictment by pleading guilty and subsequently raising the issue on appeal). Nevertheless, when a defendant first challenges his indictment on appeal, "it will be liberally construed in favor of its sufficiency, and there will be no reversal, in the absence of prejudice, 'unless the indictment cannot within reason be construed to charge a crime.'" *United States v. Joseph*, 781 F.2d 549, 554 (6th Cir.1986) (quoting *United States v. Hart*, 640 F.2d 856, 857–58 (6th Cir.), *cert. denied*, 451 U.S. 992, 101 S.Ct. 2334, 68 L.Ed.2d 853 (1981)); *see also United States v. Richardson*, 687 F.2d 952, 962, 965 (7th Cir.1982).

The Supreme Court has indicated that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charges against which he must defend and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). *See also United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 130, 102 L.Ed.2d 103 (1988); *Jo-*

---

**6.** *See*, P.L. 100–182, §§ 8(2) and 26. The maximum jail term for escape is five years, making it a class D felony under 18 U.S.C. § 3559(a)(4) (Supp. V 1987).

**7.** While the defendant labels his claim as one grounded in procedural due process, in substance his arguments challenge the fundamental fairness of restricting the trial court's sentencing discretion, a substantive due process claim.

*seph,* 781 F.2d at 554. Vanover does not argue that he lacked notice of the charge against him, that the indictment is insufficient for double jeopardy purposes, or that he was in any way prejudiced by the indictment.

■ In a felony escape charge, the indictment must allege (1) that the defendant escaped or attempted to escape, (2) from the custody of the Attorney General, his appointed agent, or from a place where the defendant is confined at the direction of the Attorney General, (3) where the custody is by virtue of (a) arrest on a felony charge or (b) conviction of any offense.[8] Vanover argues that his indictment does not allege the facts necessary to establish the third of these elements. More specifically, he argues (1) that the indictment failed to allege that he was incarcerated due to conviction of an offense, and (2) that the indictment failed to allege that the underlying offense was a felony offense.

We reject Vanover's argument that the indictment failed to allege the basis for custody at the time of Vanover's escape. Section 751(a) provides that a defendant must be in custody for one of five reasons for a violation to occur. Custody must either be (1) based on an "arrest on a charge of felony," (2) based on a "conviction of any offense," (3) "for extradition," (4) "for exclusion or expulsion proceedings under the immigration laws," or (5) "by virtue of an arrest or charge of or for a misdemeanor." If a person escapes while in custody for one of the first two reasons, the escape is a felony escape with harsher penalties. If a person escapes while in custody for one of the last three reasons, the escape is a misdemeanor escape with lesser penalties. Because of these differ-

ing penalties, it is essential that the indictment specify the basis for custody. *United ed States v. Richardson,* 687 F.2d 952 (7th Cir.1982).

■ The indictment stated in relevant part that Vanover, while "lawfully committed to the custody of the Attorney General on May 13, 1985, by virtue of a *judgment* and commitment order of the United States District Court for the Eastern District of Michigan, did knowingly escape from the Community Treatment Center, which was his designated place of confinement" (emphasis added). We believe that this language sufficiently alleges that Vanover was in custody for "conviction of any offense" within the meaning of the statute. While the term "commitment" alone could arguably imply that Vanover was in custody of the Attorney General for reasons other than a conviction, the fact that the indictment refers to a "judgment and commitment order" sufficiently identifies the custody as one due to an underlying conviction.

Other courts have reached similar conclusions. In *Richardson,* the court found an indictment first attacked on appeal sufficiently alleged the defendant was in custody "for conviction of any offense" where the indictment alleged the defendant was "held in lawful custody at the United States Penitentiary at Marion Illinois ... pursuant to commitments issued under the laws of the United States." 687 F.2d at 965. In *United States v. McCray,* 468 F.2d 446, 448 (10th Cir.1972), the court held that an indictment alleging that McCray while in the custody of the Attorney General escaped from a federal penitentiary where he was confined "pursuant to his conviction in the United States District Court for the

---

**8.** *United States v. Edrington,* 726 F.2d 1029, 1031 (5th Cir.1984). 18 U.S.C.A. § 751(a) (West Supp.1989) provides:

Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from the custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or from the custody of an officer or employee of the

United States pursuant to a lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior conviction, be fined not more than $1,000 or imprisoned not more than one year, or both.

District of Colorado" sufficiently set forth the underlying offense.

 Second, we reject Vanover's assertion that the indictment did not sufficiently identify the nature of the underlying federal offense.[9] In support of his position, Vanover cites *Edrington*, 726 F.2d 1029. In *Edrington*, the court found an indictment insufficient where the indictment merely stated that the defendant "was confined by direction of the Attorney General." *Id.* at 1030 n. 1. Edrington had, in fact, escaped while serving a felony sentence. *Id.* The court stated in dicta that to charge an offense under section 751(a), Edrington's indictment had to allege, *inter alia*, that Edrington was arrested "pursuant to an arrest on an identified felony charge or pursuant to conviction of an *identified* federal offense." *Id.* at 1031 (emphasis added). It is unclear from the opinion what identification the *Edrington* court intended to require. It may well be that the court only intended to require the indictment to indicate whether the basis for custody was conviction of any offense, arrest on a misdemeanor, or arrest on a felony. In this case, unlike *Edrington*, the indictment did allege that the defendant was in custody pursuant to a conviction. To the extent that *Edrington* intended to require more, we decline to follow it.

## VI

Accordingly, the defendant's conviction and sentencing are AFFIRMED.

---

**9.** Vanover argues in his brief that it is important to specify whether the underlying custody was based on a felony or misdemeanor conviction. Such distinctions are important when an escape occurs before conviction since the statute provides different punishment based on the felony or misdemeanor character of the underlying charge. Where escape occurs after conviction, however, the nature of the underlying conviction is unimportant since, as is evident from the language of the statute, it is irrelevant whether the underlying conviction is for a misdemeanor or felony.