**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Lynn HARPER,
Defendant–Appellant.**

**No. 89–4918
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 17, 1990.

Rehearing and Rehearing En Banc
Denied June 27, 1990.

David Lynn Harper, Memphis, Tenn., pro se.

Dane Smith and Bob Wortham, U.S. Attys., Tyler, Tex., for plaintiff-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

David Lynn Harper, a federal prisoner serving a two-year sentence for escaping federal custody in violation of 18 U.S.C. § 751(a), appeals the district court's denial of his petition for habeas relief pursuant to 28 U.S.C. § 2255. Finding that the indictment adequately alleged all of the necessary elements of felony escape, we affirm.

## I

The indictment charging Harper with escape alleged that:

On or about the 4th day of August, 1986, in the vicinity of Texarkana, Bowie County, Texas, and in the Eastern District of Texas, DAVID LYNN HARPER, Social Security Number 570–66–2216, Defendant herein, having been committed to the custody of the Attorney General by virtue of a Judgment and Commitment of a United States District Court, unlawfully did escape from such custody, all in violation of Title 18, United States Code, Section 751(a).

Harper pled guilty and was sentenced to two years imprisonment. He did not pursue a direct appeal. Three months after sentencing, Harper filed a motion under former Fed.R.Crim.P. 35(b) for reduction of his sentence on grounds of leniency. The motion was denied.

Three months before his two-year sentence was completed, Harper filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He argued that his indictment was "fatally flawed" because it failed to state all the necessary elements of felony escape. The district court denied relief, finding that Harper had not presented any "exceptional circumstance" that would warrant § 2255 relief and that the indictment could be "reasonably construed" to charge that Harper had been in custody pursuant to a "conviction of any offense."

## II

Harper's guilty plea does not bar his challenge to the indictment since a guilty plea does not waive jurisdictional defects. *E.g., United States v. Meacham,* 626 F.2d 503, 510 (5th Cir.1980). "The sufficiency of an indictment is not a matter for federal habeas relief unless the indictment is so defective that the convicting court had no jurisdiction." *Uresti v. Lynaugh,* 821 F.2d 1099, 1102 (5th Cir.1987). Failure to charge an offense may be raised for the first time in a § 2255 petition because such an error divests the sentencing court of

jurisdiction. *See United States v. Prince*, 868 F.2d 1379, 1383 (5th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989).

 A criminal indictment "must be a 'plain, concise, and definite written statement of the *essential* facts constituting the offense charged." *United States v. Morales–Rosales*, 838 F.2d 1359, 1361 (5th Cir. 1988). "An [indictment] that fails to allege each material element of an offense fails to charge that offense." *Id.* The starting place for any determination of whether the charged conduct is proscribed by a criminal statute is a reading of the language of the charging instrument and the statute itself. *Id.*

The federal escape statute, 18 U.S.C. § 751(a), provides:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from the custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or from the custody of an officer or employee of the United States pursuant to a lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior conviction, be fined not more than $1,000 or imprisoned not more than one year, or both.

The Sixth Circuit, in *United States v. Vanover*, 888 F.2d 1117 (6th Cir.1989), has thoroughly considered § 751(a) and we agree with its analysis of that statute's provisions. Section 751(a) provides that a defendant must be in custody for one of five reasons in order for a violation to occur. The underlying basis for custody must be one of the following: (1) an "arrest on a charge of felony," (2) a "convic-

tion of any offense," (3) "for extradition," (4) "for exclusion or expulsion proceedings under the immigration laws," or (5) "by virtue of an arrest or charge of or for a misdemeanor." If the escape occurs while the defendant is in custody for one of the first two reasons, the escape is a felony escape with harsher penalties. If the escape occurs while the defendant is in custody for one of the last three reasons, the escape is a misdemeanor escape with lesser penalties. As the Sixth Circuit correctly notes, "[b]ecause of these differing penalties, it is essential that the indictment specify the basis for custody." *Id.* at 1121.

Harper argues that his indictment was inadequate because it merely alleged that he had been "committed to the custody of the Attorney General by virtue of a Judgment and Commitment of a United States District Court," and failed to allege the specific federal offense for which he was confined. In support of his argument, Harper relies on this court's decision in *United States v. Edrington*, 726 F.2d 1029 (5th Cir.1984). Harper's reliance on *Edrington* is misplaced because that decision does not require that an indictment for a federal escape offense identify the specific federal offense for which he was in custody at the time he escaped.

The indictment in *Edrington* charged the defendant with unlawful, knowing, and willful "escape from the institution in which he was confined by direction of the Attorney General." We noted that the three essential elements of the federal felony escape offense established by 18 U.S.C. § 751(a) are:

> (1) an unauthorized departure, (2) from the custody of the Attorney General or from an institution in which the accused was placed by the Attorney General, (3) where the custody or confinement is by virtue of either an arrest for a felony or conviction of any offense.

*Id.* at 1031; *see also United States v. Spletzer*, 535 F.2d 950, 953 (5th Cir.1976). In *Edrington*, this court held that "the underlying basis of the accused's federal custody or confinement is an essential element of the offense proscribed by § 751(a),

and that an indictment charging a felony offense under § 751(a) had to charge:

(1) an escape or attempted escape, (2) by one who is in the custody of the Attorney General or is confined to an institution or facility by direction of the Attorney General, (3) pursuant to an arrest on an *identified* felony charge or pursuant to conviction of an *identified* federal offense.

*Edrington,* 726 F.2d at 1031 (emphasis added). The court held that Edrington's indictment was deficient because it contained no reference to the underlying basis of his federal confinement. *Id.*

Harper focuses on this court's use of the word "identified" in *Edrington,* and argues that *Edrington* requires an indictment to identify the specific federal offense for which he was in custody at the time of the escape. We reject Harper's interpretation of *Edrington.* The federal escape statute clearly provides that a defendant must have been in custody for one of two underlying reasons in order to commit a federal felony escape offense under § 751(a): (1) custody based on an "arrest on a charge of felony"; or (2) custody based on a "conviction of *any* offense" (emphasis added). The indictment in *Edrington* was deficient because it merely referred to the fact that Edrington was "confined by direction of the Attorney General" and did not state whether the confinement was based on an "arrest on a charge of felony," or on a "conviction of any offense," or on one of the three underlying bases for misdemeanor escape. In contrast, Harper's indictment stated the reason for his confinement: commitment "to the custody of the Attorney General by virtue of a Judgment and Commitment of a United States District Court." Thus, the underlying basis for Harper's confinement, "conviction of any offense," was adequately charged in the indictment.[1]

Finally, we note that Harper's interpretation of *Edrington* is inconsistent with this court's recognition, in *United States v. Spletzer,* 535 F.2d 950, 956 n. 8 (5th Cir. 1976), that the identification of the nature of the underlying federal offense in an indictment for violation of the federal escape statute carries with it the potential for prejudicial effect upon the jury.

For the foregoing reasons, we hold that the indictment in this case adequately alleged the underlying basis for Harper's federal custody. Because the indictment contains sufficient allegations of all of the essential elements of the offense proscribed by § 751(a), the district court's order denying Harper's motion for habeas relief is AFFIRMED.

---

1. We note that our conclusion is consistent with conclusions reached by other courts in similar circumstances. *See United States v. Vanover,* 888 F.2d 1117, 1121 (6th Cir.1989) (indictment charging that defendant escaped while "lawfully committed to the custody of the Attorney General on May 13, 1985, by virtue of a judgment and commitment order of the United States District Court for the Eastern District of Michigan" sufficient to charge that defendant was in custody "for conviction of any offense"); *United States v. Richardson,* 687 F.2d 952, 965 (7th Cir.1982) (indictment alleging that defendant was "held in lawful custody at the United States Penitentiary at Marion, Illinois ... pursuant to commitments issued under the laws of the United States" sufficient to charge that defendant was in custody "for conviction of any offense"); *United States v. McCray,* 468 F.2d 446, 448 (10th Cir. 1972) (indictment alleging that defendant escaped from a federal penitentiary where he was confined "pursuant to his conviction in the United States District Court for the District of Colorado" sufficiently alleged underlying offense).