## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 44911

| | | |
|---|---|---|
| CRYSTAL ELIZABETH TURNER, | ) | 2018 Unpublished Opinion No. 398 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 23, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment dismissing amended petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Crystal Elizabeth Turner appeals from the district court's summary dismissal of her amended petition for post-conviction relief. Turner's amended petition for post-conviction relief contains multiple claims, including claims that Turner's guilty plea was involuntarily and that trial counsel failed to utilize evidence of threats to assist Turner's case. On appeal, Turner contends that the district court erred in summarily dismissing her amended petition because the extent of the coercion she alleges she suffered and her credibility are questions requiring an evidentiary hearing. For the reasons explained below, we affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying criminal conviction is premised on charges that Turner conspired with two others to rob a man who Turner knew. The State alleged that Turner picked up her two co-

conspirators at a house, at which time she learned that they were in possession of firearms. Turner and her co-conspirators went to the victim's motel room with the intent to rob him. The victim allowed the assailants to come into the room before he proceeded to the bathroom, where he was preparing to take a shower. One of Turner's co-conspirators allegedly held a gun on Turner, while the other one, William Dean McGrath, drew two guns and ambushed the victim in the bathroom, firing ten shots. The victim died from the bullet wounds.

The State charged Turner with aiding and abetting first degree murder and with conspiracy to commit robbery. McGrath allegedly threatened to kill Turner and her family if she implicated him in the crimes. McGrath also allegedly wrote a note that reads: "Crystal[,] remember what I said[.] I don't leave any witnesses behind." After the alleged threats occurred, Turner entered into an Idaho Criminal Rule 11 plea agreement with the State. Pursuant to the plea agreement, Turner agreed to plead guilty to aiding and abetting first degree murder in return for the State dismissing the conspiracy to commit robbery charge and stipulating to a life sentence with a minimum period of confinement of ten years. The pertinent portions of the plea agreement read:

> (1)     The Defendant will plead guilty in case CR 15-1600, Count I, to the charge of Aiding/Abe[t]ting First Degree Murder, and will provide a factual basis agreeable to the prosecution at her change of plea []hearing.
> (2)     The State will dismiss CR 15-1600, Count II: Conspiracy to Commit Robbery.
> (3)     The parties stipulate that the Defendant will be sentenced to life in the custody of the Idaho State Department of Corrections, with a fixed period of 10 years before eligibility for parole.
> (4)     The Defendant agrees to provide truthful testimony, if required to do so by the State, as to the involvement in this crime of William Dean McGrath, and the Third Party to this crime.
> (5)     The Court has agreed to be bound under Rule 11 to the sentence as outlined above.
> (6)     By accepting this offer the defendant waives her right to all appeals, including appeals of her conviction, her sentence, and any rulings made by the District Court in her case, and to any appeals under Rule 11 or 12 of the Idaho Appellate Rules or Rule 35 of the Idaho Criminal Rules, and agrees to reserve only her post-conviction remedies.
> . . . .
> (8)     The defendant agrees that she has, at present, no reservations about the nature or quality of the representation of her attorney of record, and claims no incapacity to enter into this agreement based upon coercion, undue influence of any person, or any sort of diminished mental or emotional capacity.

2

(9)     The defendant agrees that her decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement.

At the change of plea hearing, the district court verified that Turner understood each provision.

The district court and Turner engaged in the following exchange concerning the voluntariness of Turner's guilty plea:

THE COURT: . . . . Are you satisfied with [counsel's] representation?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is there anything that he has done in this case that he shouldn't have done, in your view?

THE DEFENDANT: No, Your Honor.

THE COURT: Is there anything that he hasn't done in your view, that you want him to do?

THE DEFENDANT: No, Your Honor.

THE COURT: This agreement says that you acknowledge that you do have the capacity to enter into this agreement and that you have not been coerced or unduly influenced by any person in entering this agreement. Do you agree with that?

THE DEFENDANT: Yes.

. . . .

THE COURT: Let me talk to you about this plea agreement in a different aspect. Has anybody told you that you must accept this plea agreement?

THE DEFENDANT: No, Your Honor.

THE COURT: Specifically, has [your attorney] told you that you must accept this plea agreement?

THE DEFENDANT: No, Your Honor.

THE COURT: Has he in any way coerced you or forced you into entering this plea today?

THE DEFENDANT: No, Your Honor.

THE COURT: Has anybody forced you or coerced you in any way to enter this plea?

THE DEFENDANT: No, Your Honor.

THE COURT: Have you been threatened by anybody to enter this plea today?

(Attorney-client discussion held off the record)

THE DEFENDANT: No, Your Honor.

[DEFENSE COUNSEL]: Your Honor, just so the record will properly reflect what's going on here, there may have been some threats within the jail involving another defendant, but they aren't threats to plead guilty, and that's what had my client somewhat confused.

THE COURT: Somebody has made threats to her on unrelated matters? Is that what you're saying? I don't want to get into the details.

[DEFENSE COUNSEL]: I would not say unrelated. I would say that the threats did not go to the impetus behind accepting the plea agreement.

3

THE COURT: Okay. What I'm getting at, Ms. Turner, very simply, is this: It's very important that you're making a voluntary decision here today. If somebody has threatened you, and you don't want to do this, then I guess I need to know about that.

THE DEFENDANT: Well, I'm okay with the plea. The only thing that, you know, would stop me [would be] the felony murder rule. That's the only thing that's stopping me from wanting to take it further, to be honest with you, it's the Idaho state law.

After accepting Turner's plea, the district court imposed a life sentence, with a minimum period of confinement of ten years. Turner did not appeal as she waived that right as part of the plea deal.

On January 27, 2016, Turner filed a timely pro se verified petition and affidavit for post-conviction relief alleging, inter alia, that she was pressured into accepting the plea deal. Turner also moved for the appointment of counsel, which the district court granted. Turner filed an amended petition for post-conviction relief alleging: (1) that her counsel pressured her into accepting the plea agreement, thus rendering her plea involuntary; (2) that her counsel rendered ineffective assistance of counsel by failing to provide her with certain pieces of evidence; (3) that her counsel rendered ineffective assistance of counsel by failing to use her co-defendants' threats in her defense or in mitigation; and (4) that her counsel rendered ineffective assistance of counsel by failing to use her co-defendants' threats at sentencing. The State answered and moved for summary disposition. Turner responded in opposition, waiving the second and fourth claims. The district court held a hearing on the State's motion. At the hearing, the district court summarily dismissed Turner's amended petition, although no written order granting the State's motion was entered. The district court then entered a judgment dismissing the petition with prejudice. Turner timely appealed.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*,

4

141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be

5

appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## A. Voluntariness of Plea

Turner argues that her guilty plea was not entered voluntarily because trial counsel threatened to withdraw from the case if Turner did not accept the proposed plea agreement.[1] Turner further argues that her guilty plea was not voluntary because she was threatened by McGrath, her co-conspirator. Whether a plea is voluntary and understood entails inquiry into three areas: (1) whether the defendant's plea was voluntary in the sense that she understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived her rights to a jury trial, to confront her accusers, and to refrain from incriminating herself; and (3) whether the defendant understood the consequences of pleading guilty. *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976). In dismissing Turner's involuntary guilty plea claim, the post-conviction district court ruled that the argument that Turner's guilty plea was coerced was belied by the record. We agree.

---

[1]     Turner frames her argument as whether her attorney's actions--threatening to withdraw and failing to investigate McGrath's threats--constituted ineffective assistance of counsel during the plea process. This argument is raised for the first time on appeal; therefore, we will address the issue as it was presented in Turner's amended petition: as a substantive voluntariness claim. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017).

6

Jurisdictions are divided when it comes to whether improper pressure or threats from actors who are not state agents can invalidate a plea. *Compare Iaea v. Sunn*, 800 F.2d 861, 867 (9th Cir. 1986) ("This court and others have discussed claims that coercion by non-attorney third parties can render pleas involuntary; none of these cases has found conduct that rose to a level of coercion that would invalidate a plea, but none precludes the possibility of such a finding in an appropriate case."), *with United States ex rel. Mascia v. Zelker*, 450 F.2d 166, 169 (2d Cir. 1971) ("[T]he proposition that guilty pleas induced by threats are vulnerable is supported only by cases dealing with threats made by government officials."). In *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008), this Court noted that while guilty pleas cannot stem from "impermissible conduct by state agents, the misconduct here, if any, was entirely by the defendants and their attorneys." Turner does not allege that she was coerced by a state agent, but rather Turner's attorney and co-defendant.

The Fifth Circuit has held that an attorney's impatience or indication that he will withdraw if a plea bargain is not accepted is not enough to constitute coercion. *See Uresti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987) (holding that a plea was not rendered involuntary due to trial counsel indicating that he would ask to withdraw if the defendant did not accept the plea bargain, with the court reasoning that it would actually be unethical not to warn one's client about potential withdrawal); *see also Jones v. Estelle*, 584 F.2d 687, 690 (5th Cir. 1978) (holding that an attorney's "impatience and stern demand for a quick answer, when added to the threat of a life sentence if the case went to trial," was insufficient to show that mental coercion overcame the petitioner's free will in making a guilty plea). The Ninth Circuit, in *Eggleston v. United States*, 798 F.2d 374, 377 (9th Cir. 1986), concluded that any potential coercion was corrected by the defendant's intelligence and the court's thoroughness at the plea hearing.

The reasoning in *Eggleston* is equally applicable here. The post-conviction district court noted that the record belied Turner's claims that she was coerced because the trial court addressed the issue "directly and in detail," and Turner assured the court that her plea was voluntary. Indeed, the trial court repeatedly questioned Turner, and she consistently affirmed trial counsel had not coerced her into accepting the plea deal. The record also reflects that Turner graduated from high school, and trial counsel represented that Turner was an "intelligent young woman" who grasped the legal theories relied on by the State, namely the felony murder

7

rule. Contrary to Turner's argument, the record does not support Turner's claim that she was coerced into entering the guilty plea by her attorney's "threat" to withdraw.

The threats made by Turner's co-defendant also could not have rendered her plea involuntary as the threats were intended to deter Turner from testifying against her co-defendant. By entering into the plea agreement, Turner was agreeing to provide truthful testimony, if required to do so by the State, as to the involvement of her co-defendant in the crime. Before entering the plea, the trial court explained that Turner would be giving up her right to remain silent and be bound by the plea agreement. Turner's co-defendant's threat clearly did not coerce Turner to enter into the plea agreement, as it required her to testify against her co-defendant. In sum, the record disproves Turner's claims that she was coerced into entering the guilty plea. Therefore, the district court properly dismissed Turner's claim that her guilty plea was not voluntary.

**B.      Failure to Use Evidence of Threats**

Turner further argues that her attorney's performance was deficient and that Turner was prejudiced because her attorney did not use the threats from Turner's co-defendant in furtherance of Turner's defense or to mitigate her sentence. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

8

Turner asserts that there are genuine issues of material fact pertaining to this claim that entitle her to an evidentiary hearing. We disagree. First, the fact that she was held at gunpoint and threatened after gaining entry to the hotel room would not have had any effect on the outcome of her trial, if she had gone to trial. The crime she was accused of was aiding and abetting first degree murder by agreeing to rob the victim, driving the co-defendants to a location where one of them retrieved a handgun, then driving the co-defendants to the victim's hotel, and ultimately obtaining entry to the victim's hotel room. All of the alleged threats occurred after all of those actions were completed. Therefore, Turner's attorney's performance could not have been deficient in failing to pursue the existence of these threats as a defense. Turner's contention that her attorney should have tried to use the co-defendants' threats to mitigate Turner's sentence also fails because the district court was bound by both the plea agreement and I.C. § 18-4004 to sentence Turner to a life sentence, with a minimum period of confinement of ten years. Accordingly, even if all of Turner's allegations are accepted as true, she still has not presented a prima facie case that her attorney's performance was deficient with regard to this claim.

### III.

### CONCLUSION

The record clearly disproves Turner's claim that she was coerced into pleading guilty by her attorney's alleged threat to withdraw or by McGrath's threats. Turner also fails to present a prima facie case that her attorney's performance was deficient with regard to his alleged failure to use the evidence of Turner's co-defendants' threats in defense at trial or in mitigation at sentencing. Accordingly, the district court's judgment dismissing Turner's amended petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.

9