914 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald WRIGHT, Defendant-Appellant.
 No. 89-5502.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1990.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and HENRY R. WILHOIT, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 Appellant, Ronald Wright, appeals his conviction of threatening the lives of various officials pursuant to 18 U.S.C. Secs. 115(a), 871, and 879. He contends that the United States does not have jurisdiction, that the indictment is invalid, that the threatening letters do not contain facts sufficient to support his conviction, and that his guilty plea resulted from ineffective assistance of counsel. Concluding that none of Wright's arguments are meritorious, we affirm.
 
 I.
 
 2
 Appellant was charged with seven counts of writing letters which threatened the lives of the President of the United States, United States Magistrate Joe A. Tilson, presidential candidate Michael Dukakis, Vice-President George Bush, and Special Agent Janice S. Adcock, United States Secret Service. An indictment was handed down on September 7, 1988, filed in the United States District Court for the Eastern District of Tennessee.
 
 
 3
 Appellant wrote the letters while he was an inmate at Tennessee's Brushy Mountain State Prison, located in Petros, Tennessee. He contends that he was mistreated at the Brushy Mountain facility and claims that the letters were written as a result of frustration he experienced while attempting to bring attention to the matter.[1] The letter which provided the basis for Count One stated: "I'd hate to write threats just to receive the proper attention needed in my situation but I'm [sic] due for parole next month and I shall go to Washington D.C. after getting me a false id and assassinate the President of the United States."
 
 
 4
 On July 12, 1988, appellant sent another letter to Lt. Admiral [sic] Colin L. Powell containing another threat to the President. This letter provided the basis for Count Two and stated: "I'm going to kill President Ronald Reagan and yourself and as many as I can...."
 
 
 5
 On that same day, appellant sent a letter to United States Magistrate Tilson which formed the basis for Count Three. It stated: "I got only a few more days in this prison and when I get out and Bitch you are a dead whore...."
 
 
 6
 In response to the letters, Special Agent Janice S. Adcock, United States Secret Service, was dispatched to the Tennessee prison to interview appellant. A short time later, appellant mailed Adcock a threatening letter which declared:
 
 
 7
 Look Bitch I'm tired of your goddamned secret negotiations w/my life. Whore I don't even want to be in this goddamned country and you can tell Reagan, Dukakis, Bush and any of those goddamned KKK. whores if I get a chance I'm going to kill you and them too. Bitch I want to know every goddamn thing you got out of my medical file and stop telling those people to take my blood....
 
 
 8
 Appellant received a court appointed attorney following his initial appearance on September 26, 1988. On October 4, appellant was arraigned and entered a plea of not guilty.
 
 
 9
 On November 7, appellant withdrew his plea of not guilty and entered a plea of guilty to Counts Two, Three, and Seven. The government subsequently dismissed the remaining counts. The district court accepted appellant's plea after determining that it was made knowingly and voluntarily.
 
 
 10
 Following a psychological examination, appellant was sentenced to thirty months' imprisonment on all counts to run concurrently. Appellant has a filed a timely notice of appeal.
 
 II.
 
 11
 In a patently frivilous pro se argument which may be ignored, appellant contends that the United States does not have jurisdiction because the acts complained of did not occur on property owned by the federal government.
 
 
 12
 Appellant further claims that the indictment is invalid on its face and that the letters maintained to contain threats were neither true threats nor written willingly and knowingly.
 
 
 13
 The government, on the other hand, argues that appellant is not actually challenging the indictment but the sufficiency of the evidence. The government further contends that appellant waived his right to contest facts material to his guilt by pleading guilty.
 
 
 14
 Whether appellant is challenging the sufficiency of the evidence or the indictment itself, his argument is without merit. Rule 7(c)(1) of the Federal Rules of Criminal Procedure states, in part: "The indictment ... shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." In addition, the Supreme Court has held that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974). See also United States v. Vanover, 888 F.2d 1117, 1120 (6th Cir.1989). In the case sub judice, the indictment states with particularity the acts on which the charge is based. In addition, the indictment specifically states the elements of the crime and the statute which appellant is accused of violating. For instance, Count One states:
 
 
 15
 The Grand Jury charges that on or about March 5, 1987, in the Eastern District of Tennessee, RONALD WRIGHT did knowingly and willfully make a written threat to take the life of, and to inflict bodily harm upon, the President of the United States, in the use of threatening language, substantially as follows: 'I'm due for parole next month and I shall go to Washington, D.C., after getting a false I.D. and assassinate the President of the United States. Very Sincerely Speaking Ronald Wright,' in violation of Title 18, United States Code, Section 871.
 
 
 16
 Moreover, it has been held that omission of the word "true" in regard to the threat is not fatal in that "[t]his description [is] sufficient to apprise [appellant] of the charge against him and to avoid exposing him to the risk of double jeopardy." United States v. Howell, 719 F.2d 1258, 1261 (5th Cir.1983). It is apparent from the language of the indictment that the standards set forth by the Supreme Court in Hambling have been met. Therefore, the indictment is valid on its face.
 
 
 17
 In the event appellant is in fact attempting to contest the sufficiency of the evidence, he is precluded from doing so,[2] since by pleading guilty he admitted every essential element of the offense. United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982), citing United States v. Heller, 579 F.2d 990, 992 n. 1 (6th Cir.1978).
 
 
 18
 Appellant further contends that his guilty plea was not free and voluntary, that it resulted from ineffective assistance of counsel, and that he was coerced into pleading guilty by circumstances outside the court. Specifically, appellant avers that his attorney never explained the charge, the sentence, or his loss of rights upon pleading guilty.
 
 
 19
 The Supreme Court in Hill v. Lockhard, 474 U.S. 52 (1985), held that the two-prong test forwarded in Strickland v. Washington, 466 U.S. 668 (1984),[3] applies to challenges of guilty pleas based upon ineffective assistance of counsel.
 
 
 20
 In the case at bar, the record from the district court reveals that appellant was thoroughly questioned by the trial judge in regard to his guilty plea. Each charge was explained and appellant stated that he understood. In addition, the trial judge outlined the possible sentence as well as the rights appellant was forfeiting by pleading guilty. Counsel conceded during oral argument that his examination of the record does not bear out appellant's supplemental pro se argument that his plea was involuntary.
 
 
 21
 In view of the thoroughness of the proceedings, even had appellant's counsel failed to fully explain all the circumstances and repercussions of pleading guilty, he suffered no prejudice.
 
 III.
 
 22
 For the reasons stated above, Wright's convictions are affirmed.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 These charges of mistreatment eventually became the basis for two civil rights actions filed in the federal district court. Both cases were ultimately dismissed
 
 
 [2]
 The cases cited by appellant in support of his argument indicate that this is precisely what he is attempting. However, those cases all deal with the sufficiency of the evidence following a jury trial and, therefore, do not apply here
 
 
 [3]
 There the Supreme Court stated that two requirements must be satisfied in order to show ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." Id. at 687