14 F.3d 603
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard RAU, Defendant-Appellant.
 No. 93-1672.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1993.
 
 1
 Before: KEITH and NORRIS, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Richard Rau, a pro se federal prisoner, appeals a district court order denying his motion to dismiss the indictment. He has filed motions for bail pending disposition of this appeal and for appointment of counsel. Additionally, he requests oral argument. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Although Rau asserts that he has tentatively arranged for an attorney to represent him at oral argument, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The facts and legal arguments are adequately presented in the briefs and the decisional process would not be significantly aided by oral argument.
 
 
 3
 Following a jury trial, Rau was convicted on one count of conspiracy to distribute marijuana. On August 24, 1990, he was sentenced to serve a ten year term of imprisonment and to pay a $20,000 fine and a $50 special assessment. The conviction was affirmed on appeal. United States v. Bakke, 942 F.2d 977, 986 (6th Cir.1991).
 
 
 4
 In the motion to dismiss the indictment, filed on December 10, 1992, Rau claimed that the indictment was insufficient to inform him of the nature of the charge against him because it failed to allege an overt act by him in furtherance of the conspiracy.
 
 
 5
 Upon review, we conclude that the motion was properly denied. Rau's failure to raise his challenge to the indictment in a pretrial motion under Fed.R.Crim.P. 12(b) results in waiver of his claim. See Fed.R.Crim.P. 12(f); United States v. Vanover, 888 F.2d 1117, 1120 (6th Cir.1989), cert. denied, 495 U.S. 934 (1990). Rau's motion, filed more than two years after the close of trial proceedings, was untimely. Even when reviewed on the merits, the motion is wholly frivolous.
 
 
 6
 Rau maintained that the indictment failed to set out any offense because it did not allege an overt act by him in furtherance of a violation of the Travel Act, 18 U.S.C. Sec. 1952. This argument lacks merit because Rau was neither charged nor convicted of a violation of 18 U.S.C. Sec. 1952. Rau was convicted of conspiracy to distribute marijuana in violation of 21 U.S.C. Secs. 841 and 846. It is well established that an overt act is not an element of a conspiracy under the Controlled Substances Act, 21 U.S.C. Sec. 801, et seq. United States v. Dempsey, 733 F.2d 392, 396 (6th Cir.), cert. denied, 469 U.S. 983 (1984). Because an overt act need not be charged or proven in a Sec. 846 conspiracy, id., the claimed failure to allege an overt act by Rau did not result in a defective indictment.
 
 
 7
 Accordingly, all pending motions are denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation